## No. 3476.

### P. LYONS, Tutor, *v.* J. C. DOBBINS.

In this case, two lots with buildings thereon were owned and held in common by two different persons, and, at the partition, nothing being said as to the dividing line, the parties (one of whom a minor whose tutor the plaintiff is) must have considered the limits to be defined by the buildings on each, which constituted a double cottage, and this state of things continued, without complaint, for about three years thereafter, when the plaintiff assumed to establish a line for himself without notice to his neighbor aforesaid, by tearing down a portion of the buildings which he alleged to extend over the minor s lot some nine feet, and took an injunction to prevent defendant's interference. The evidence does not sustain the injunction, and defendant claims damages. It is not thought, however, that the minor should be responsible for the illegal acts of his tutor. In such capacity he could have protected and exercised the rights of the minor in a legal manner. As the plaintiff is not before this court individually, all that can be done is to dissolve the injunction, reserving defendant's rights.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. O. T. & E. J. Fellowes,* for plaintiff and appellee. *T. Gilmore & Sons,* for defendant and appellant.

HOWELL, J. One P. Ryan and the minor child of the plaintiff were the owners in common of two adjoining lots. By an act of partition in kind, lot A fell to Ryan and lot B to the minor. Each lot was described in said act as being equal in measurement, and a double cottage stood on the two. Ryan sold to the defendant, and the owners were in possession, each side of the cottage being occupied by them respectively or their tenants.

Some three years after the partition the plaintiff, as tutor, instituted this suit to injoin the defendant from interfering with him in the removal of a part of a building which he alleges extends on his lot some nine feet. After the issuance of the injunction the plaintiff caused a portion of the tenement, occupied by defendant's tenant, to be cut down and removed, for which the defendant claims damages in an amended answer.

The evidence does not sustain the injunction. There was no attempt on the part of the plaintiff to have the line between the lots definitely fixed by a regular survey, if there was uncertainty as to its location, and under the doctrine in Riddell v. Jackson, 14 An. 135, the partition wall between the two tenements must, in such case, control and determine the limits of the adjoining properties.

In this case the two lots were owned and held in common, and at the partition, nothing being said as to the dividing line or the position of the tenements, the parties must have considered the limits to be defined by the buildings on each; and this state of things continued without complaint for about three years thereafter, before plaintiff assumed to establish a line for himself without notice to his neighbor. We do not think, however, the minor should be held responsible for the illegal acts of his tutor. In such capacity he could have protected and exercised the rights of the minor in a legal manner. As he is not before us individually, we can only dissolve the injunction, reserving defendant's rights.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be dissolved, with costs in both courts, reserving to defendant his right, if any he have, to damages.

Rehearing refused.